JANUARY, 1882.  NO. 356.          NOVEMBER 20, 1882.

## Borough of Millerstown *v.* McKee *et al.*

1. In an action by a municipal corporation against a tax collector and his sureties to recover for failure to collect the tax, parol testimony that the town council relieved him from the duty, though this action was not entered on their minutes, was properly received.

2. *Quære.* Whether a tax collector is bound to proceed and enforce the collection of a tax illegally assessed.

Before SHARSWOOD, C. J. ; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Butler County.*

Debt by the borough of Millerstown against S. I. Mc-Kee, Z. Double, and J. B. Orbison, on a bond conditioned for the collection and payment to the borough treasurer by S. I. McKee, of the taxes assessed for the year 1878.

The following facts appeared at the trial before Mc-JUNKIN, P. J.: On June 3, 1878, the council of the borough of Millerstown, Butler county, levied and assessed a tax of $8,160, and appointed S. I. McKee to collect the same. McKee gave a bond for $16,000, with Double and Orbison as sureties, which was conditioned as follows : "Whereas the said S. I. McKee has received from the town council of the borough of Millerstown aforesaid, duplicates and warrant for the collection of bond special and borough taxes issued by said borough, amounting to $8,160. Therefore, if the said S. I. McKee shall well and faithfully collect said taxes, according to the require-ments of said warrant, and shall pay the same into the hands of the proper treasurer of said borough on or be-fore the first day of June next, then and in that case this obligation to be void, &c." The defendant accepted the duty, and collected and paid over a portion of the tax. There was evidence to show that the assessment of $8,160 was in excess of the amount allowed by law, without a submission of the question to the vote of the taxpayers, which had not been done.

The defendant's counsel made the following offer : " We propose to prove by S. I. McKee, the collector, that during the progress of the collection, he encountered op-position, and was threatened with law suits, and he be-came satisfied himself the tax was illegal, and that his warrant and duplicate did not protect him in adverse pro-

ceedings; that he made a levy, notwithstanding, upon property by virtue of his warrant, and pending that a meeting of the town council took place; that he attended, and that he informed the town council verbally of the trouble he was incurring and the risks that he would run, and probably this at various times; that the town council were then present, and the members were in the presence of each other and acting as a board, and that they told him to cease his efforts to collect, to make no levy and demand no more taxes, but do nothing more until they would give him further orders; that in pursuance of that he ceased his efforts, and made no levy and collected no other taxes, and that the town council never afterwards directed him to go on; and this for the purpose of showing that the town council that issued the warrant and gave the duplicate restrained and directed him to cease his efforts to collect the taxes on said duplicate."

Plaintiff's counsel objected because "there is no offer to show that the defendant collector was restrained or hindered from the collection of these taxes by due course of law; that there is no proper offer to prove any action of the council or borough authorities of Millerstown over the special matter of the taxes, restraining the collection thereof or relieving the collector therefrom; that there is no offer to prove any resolution or other order of the town council as a board restraining him or relieving him from the collection of the taxes; that there is no offer to prove that the minutes of the transaction of the town council of the borough of Millerstown contains such action; that there is no offer to prove any legal or lawful action of the town council or borough authorities with regard to the bond in suit, the duplicates, warrant, or taxes mentioned therein; therefore, the offer is incompetent and irrelevant."

The objection was overruled under exception

*McKee* testified:

"I went to the council chamber and told the council that a good many taxpayers objected to paying taxes, and were forming an organization to bring suit against me for collecting the tax, and that I did not feel like going on unless they would indemnify me; that I did not feel that I was safe. They told me to cease, and that one of them would go to Butler and take counsel on this matter and let me know. . . . I never received any word from them."

Corroboratory testimony by a member of the council to the same effect was admitted under exception.

[Borough of Millerstown *v.* McKee *et al.*]

The plaintiff presented, *inter alia*, the following points:

3. That the defendant having taken the duplicates and warrant regular on their face, issued by an authority having lawful power to issue them, cannot defeat the suit brought upon his bond as collector, for the non-performance of the conditions of his bond as such collector, to wit: The collection of, payment over, and settlement for said taxes contained in said warrant and duplicate, unless he has been enjoined or restrained from the collection of the same by due course of law.

*Answer.*—We affirm this point with this addition, or rather condition, we might say to the requirements, that it is not and would not be confined to legal proceedings in due course of law to be restrained. We add to that point, on affirming it, "unless restrained by due course of law or otherwise;" with that addition and explanation, we affirm this point. What we mean by that is this: The collector may be relieved from the performance of his duty according to the bond, by other means than by due course of law, which would be coming into Court and have Court pass upon the question, the preliminary questions of authority in the town council to make the assessment, or whether or not they exceeded their authority in making the assessment, or whether or not they committed irregularities in their proceedings, or whether they were guilty of other acts of omission or commission, but we affirm this point generally, that unless the collector was relieved by proceedings at law or otherwise, he would not be relieved from the conditions of his bond.

5. That the remedy for an illegal levy and assessment of taxes is by appeal to the authority corporate or otherwise, laying and assessing the tax, or an appeal to legal authority to restrain the collection of the tax and set levy and assessment aside.

*Answer.*—This point is affirmed, but we do not say this would be the only mode or manner of getting relief. That this appeal to legal authority or to the aid of the Court is not the only relief. We say that the corporation constituting and appointing the collector and having control of him, may release him by their own action. With that addition to the point and explanation of it, we affirm it.

The Court charged, *inter alia*, as follows:

"That from the evidence of S. I. McKee, the defendant, and the witness Pierce, the defendant collector, McKee, ceased from the collection of taxes and in good faith did not afterwards proceed to collect the tax in the Court,

[Borough of Millerstown *v.* McKee *et al.*]

we do not see why the defendant could not set up this as a defense to this suit brought for damages for the non-performance of the conditions of the bond, although no resolution may have been passed or other action taken; if in good faith from what was said before the town council, he, the collector, ceased from the collection of the tax and having no instructions to proceed; if in good faith he did not proceed to collect the tax, he can set this up as a defense to the suit; that the president of the town council having said they were going to take counsel, this showed that they, the town council, advised the collector to desist from the collection of the tax, and it might be presumed that they did intend to take counsel and inform the collector whether he should proceed; if you are satisfied that it was in consequence of this he ceased from the collection of the tax, paid over what he had collected, and this is not, we say, inconsistent with the facts found by the auditors' report, these facts are submitted to you; if you find these facts to be true, you are justified in finding for the defendants. *   *   *   *   *   We submitted to you, gentlemen of the jury, as a fact for you to find whether or not the town council did, as a town council, relieve or instruct the collector to cease collection of tax. As to the question of the right to do that, we do not think it necessary to instruct you upon that. We submit to you as a fact, whether from the proofs in the case the town council in meeting with a quorum present did direct the collector to cease, and whether in good faith he did desist, and whether that led to his failure to collect and perform the conditions of his bond, is the question of fact for you to pass upon. That is what we submitted to you. We again submit it to you. I think the jury will certainly understand it. We submit to the jury to find from the proofs in the case whether as a fact the town council directed the collector to cease collecting and whether in good faith he did stop in consequence of this collecting taxes, and whether the balance now found against him is the result of his stopping collection under the direction of the council. Whether the council had a right to do that, and whether there are other questions involved, they are not before the Court and jury."

January 22, 1882, verdict for defendant, upon which judgment was afterward entered.

The plaintiff took this writ of error, assigning for errors the admissions of testimony for defendant as above, the answers to plaintiff's points, and the portion of the charge above quoted.

[Riddle *v.* Thompson *et al.*]

*Mitchell, Fleeger, & Reed* for plaintiff in error.

It does not appear that the town council in any legal manner relieved defendant in error from the collection of the taxes levied and assessed. There was no resolution to that effect passed, and none appears on the minutes. If there is no error in this case, then the finances of a municipal corporation are at the mercy of every declaration of the president of the council tacitly acquiesced in by a quorum present.

*Thompson, McCandless, Scott, & McBride* for defendant in error.

The jury show, by their verdict, that they were satisfied that the town council relieved the collector from the performance of his duty. A municipal corporation may contract by parol: Salsbury *v.* Phila., 8 Wright, 306; Ford *v.* Clough, 23 American Decisions, 520.

· DECEMBER 4, 1882.—PER CURIAM: We think there are no errors in this record of which the plaintiffs have any right to complain. The jury found that the town council had relieved the defendant from the collection of the taxes. The parol evidence to prove this was properly received. If the council did not record their action in the minutes, that ought not to prejudice the defendant. This disposes of the case. We must not be understood as concurring in the ruling of the Court, that the collector was bound to proceed and enforce the collection of a tax illegally assessed.

Judgment affirmed.